**SO ORDERED.**

**SIGNED this 7th day of April, 2014.**





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

ORDER DESIGNATED FOR ONLINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MARY DONNA POLLAN, | ) | Case No. 13-12513 |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SHERI NIELSEN | ) | |
| JACKIE NIELSEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Adv. No. 13-5204 |
| | ) | |
| MARY DONNA POLLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING AMENDED MOTION TO DISMISS
AND MOTION TO STRIKE COMPLAINT**

[1]

Can't anybody here play this game?[1] For nearly 10 years, this District's rules have required that documents filed in bankruptcy cases and proceedings be filed electronically unless a filer requests an exception for cause.[2] Without asking for or getting one, plaintiffs' counsel filed this adversary complaint on paper seeking to except their debt from the defendant's discharge.[3] For many years, our local rules have required that motions to dismiss be accompanied by a supporting brief or memorandum.[4] The defendant filed her motion and amended motion to dismiss without one.[5] Then the plaintiffs filed a response brief (again on paper) opposing the defendant's motion and attaching copies of state court interrogatory responses as support.[6] The defendant filed a reply and a motion to strike the complaint and plaintiffs' response brief for failing to comply with the electronic filing requirements and for including material outside the pleadings.[7] Both the motion to dismiss and to strike are DENIED.

---

[1] Famously attributed to Casey Stengel, manager of the early 1960's New York Mets. *See* http://www.baseball-almanac.com/quotes/quosteng.shtml.
[2] *See* D. Kan. L.B.R. 5005.1 and App. 1-01, I.A.  ECF has likewise been implemented in federal district court since 2003. *See* D. Kan. Rule 5.4.1.
[3] On February 19, 2014 the Court issued an order to plaintiffs' counsel to complete training and become compliant with the ECF requirements and gave counsel 30 days to do so. Counsel has not complied with the Court's order. Adv. Dkt. 13.
[4] D. Kan. L.B.R. 7012.1(a).  The federal district court also requires a supporting brief or memoranda for dispositive motions such as a motion to dismiss. *See* D. Kan. Rules 7.1(a), 7.4(a), and 7.6.
[5] Adv. Dkt. 7 and 9.
[6] Adv. Dkt. 12.
[7] Adv. Dkt. 16.

Mary Pollan filed a chapter 13 bankruptcy case on September 27, 2013 and the Court has confirmed her chapter 13 plan. Sheri and Jackie Nielsen, daughter and mother, seek to except from Pollan's discharge a debt they claim Mary incurred by actual or statutory fraud under 11 U.S.C. §§ 523(a)(2) and 1328(a)(2). Counsel for both sides are experienced local attorneys who have practiced in state and federal court for many years.[8] The Nielsens' counsel has over 40 years' experience in the practice and Pollan's lawyer is a chapter 7 panel trustee who administers many bankruptcy cases in this division.

Both unduly complicated this matter by ignoring the rules. The Nielsens' paper filings added to the burden of the Court's staff, requiring them to scan and file documents that are submitted that way. Pollan's unbriefed dispositive motions provided the court with no authority in support of her position (other than merely citing to Rule 12) even though Rule 12 burdens the movant with demonstrating that the allegations of the nonmoving party's complaint cannot plausibly support a legal claim for relief.[9] In the ordinary course of events, the movant files a brief with supporting authority to which the non-moving party responds. Here, the *non-moving* parties filed the first brief. In it they referred to material outside the pled complaint. That is not necessarily improper, but it does result in the matter being treated as a

---

[8] Plaintiffs appear by their attorney Barry Arbuckle and defendant/debtor appears by her attorney Carl Davis. Mr. Arbuckle was admitted to practice in 1971 and Mr. Davis has been a practicing attorney since 1988.

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[3]

Case 13-05204   Doc# 18   Filed 04/07/14   Page 3 of 5

motion for summary judgment, requiring that the opposing parties be given an opportunity to respond to "all material made pertinent to such a motion by Rule 56."[10] So not only is the briefing out of order in this matter, but the motion is now an improperly supported motion for summary judgment, raising a legitimate question about who has what burden to bear in seeking relief.

Both counsel know better. Lawyers routinely file documents electronically here or, if they are only occasional practitioners, seek an exception from the ECF requirements.[11] Lawyers routinely file dispositive motions in this Court. They need to be conversant with the rules that apply to motion practice here, rules very similar to those governing the same procedures in state and federal district court: Part VII of the Fed. R. Bankr. P. (Rules 7001-7087) generally and the Federal Rules of Civil Procedure they incorporate. Here, counsel should be familiar with Fed. R. Civ. P. 12(b) as read into adversary proceedings by Fed. R. Bankr. P. 7012, and the legal standards that govern motions to dismiss for failure to state a claim. Likewise, counsel need to know and follow D. Kan. L.B.R. 7012.1 and 7056.1, among others, when they file these motions here.[12] Parties in this Court cannot expect to receive

---

[10] Fed. R. Civ. P. 12(d) contemplates that including matters outside the pleadings on a motion to dismiss is sometimes done. The court may exclude such extraneous matters and decide the motion as one for dismissal under Rule 12(b)(6) or treat the motion as one for summary judgment. Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(d).
[11] I rarely deny those requests.
[12] *See Local Rules of the United States Bankruptcy Court for the District of Kansas,* Preface, pp. vii-x.

the relief they seek (and may even deserve) when their counsel ignore the rules because the legal merits of their positions are befogged by procedural confusion.[13]

Disregard for the basic rules of practice in this District is, at least, distracting and, at worst, likely to be grounds to deny relief. I therefore DENY Mary Pollan's motion to dismiss for lack of a supporting brief, but without prejudice to her filing a properly briefed motion to dismiss, a properly supported motion for summary judgment, or an answer within 14 days of the date of this order.[14] I likewise DENY her motion to strike, but if the Nielsens' counsel does not comply with the applicable electronic filing rules of this District within 7 days of the date of this order, I will strike the complaint and dismiss this proceeding.

###

---

[13] I reach no conclusions concerning the merits of the parties' respective positions.
[14] Because the Court has determined that the parties should effectively "start over" with a proper dispositive motion, it will disregard the existing response brief (Adv. Dkt. 12) and reply brief (Adv. Dkt. 15) and expect counsel to file a new response or reply as warranted, if and when a new dispositive motion and supporting brief are filed.

[5]